UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHAEL BRAHAM, :
:
    Plaintiff, :
: PRISONER
V. : Case No. 3:08-CV-1564 (RNC)
:
THERESA LANTZ, ET AL., :
:
    Defendants. :

## INITIAL REVIEW ORDER

Plaintiff, currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A, the Court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint

must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombley, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted sub nom. Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

Plaintiff sues the defendants Commissioner of the Connecticut Department of Correction Theresa Lantz, District Administrator for the Department of Correction Mark Strange, Warden Charles Lee, Deputy Warden Jeffrey Adgers, Classification Counselor Beth Senecal, Grievance Coordinator Rick Bartholomew, Inmate Counselor Peter Lowe, Inmate Counselor Acais, and Unit Manager Esposito in their official and individual capacities for damages and declaratory and injunctive relief. Plaintiff alleges that in September 2007, the defendants removed him from his position as an instructor's aide in the small engine repair class

at Cheshire Correctional Institution in retaliation for his filing a grievance against a correctional officer. Plaintiff further alleges that in December 2007, the defendants transferred him to a housing unit with fewer inmate privileges in retaliation for filing and pursuing his grievance. Plaintiff also alleges the defendants denied him access to courts by failing to respond to his grievances and his appeals.

Pursuant to its review under 28 U.S.C. § 1915A, the court concludes that the plaintiff has stated cognizable federal claims of retaliation and denial of access to courts. All claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment and are dismissed pursuant to 28 U.S.C. § 1915A(b)(2). See Kentucky v. Graham, 473 U.S. 159 (1985)(Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

## ORDERS

The court enters the following orders:

(1) All claims against the defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The claims described above shall proceed against the defendants in their individual capacities and shall also

3

proceed against the defendants in their official capacities to the extent plaintiff seeks declaratory and injunctive relief. No other claim or defendant shall be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15.

(2) Within **ten (10) business days** of this order, **the U.S. Marshals Service shall** serve the summons, a copy of the Complaint, a copy of the motion for a temporary restraining order and preliminary injunction and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141.

(3) Within **ten (10) business days of this Order**, **the Clerk** shall verify the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his current work address.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint, motion for a temporary restraining order and preliminary injunction and this Order to

the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6) Within **twenty (20) business days** of this order, **the Defendants** shall file a response to the motion for a temporary restraining order and preliminary injunction.

(7) Plaintiff's motion requesting that a hearing not be scheduled on December 11, 2008 [**Doc. # 3**] is **DENIED** as moot.

**SO ORDERED** at Hartford, Connecticut this 5th day of December 2008

                                            /s/ RNC
                                      Robert N. Chatigny
                                      United States District Judge