```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


MICHAEL BRAHAM,                    :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    CASE NO. 3:08cv1564(DFM)
                                   :
THERESA LANTZ, et al.,             :
                                   :
     Defendant.                    :
```

RULING ON DEFENDANTS' MOTION TO DISMISS

The plaintiff, Michael Braham, a State of Connecticut inmate, brings this action pro se pursuant to 42 U.S.C. § 1983 against former Commissioner of the Connecticut Department of Correction Theresa Lantz, District Administrator for the Department of Correction Mark Strange, former Warden of Cheshire Correctional Institution Charles Lee, Deputy Warden Jeffrey Adgers, Classification Counselor Beth Senecal, Grievance Coordinator Rick Bartholomew, Inmate Counselor Peter Lowe, Inmate Counselor Acais, and Unit Manager Esposito.  The plaintiff alleges that the defendants retaliated against him for filing grievances and denied him access to courts in violation of the First Amendment. (Doc. #4, Initial Review Order.)  Pending before the court is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]  (Doc. #18.)  For the reasons set forth below, the motion is granted.

---

[1] On March 19, 2009, pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a magistrate judge for all purposes, including the entry of a final judgment, and the case was assigned to the undersigned.  (Doc. #21.)

I.   <u>Legal Standard</u>

When ruling on a motion to dismiss, the court may consider the allegations in the complaint, any documents attached to the complaint or incorporated by reference into the complaint and other facts of which judicial notice may be taken.  See <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).  The court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." <u>Shomo v. City of New York</u>, 579 F.3d 176, 183 (2d Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Iqbal</u>, 129 S.Ct. at 1949 (internal quotation marks and citations omitted).  "[E]ven after <u>Twombly</u> and <u>Iqbal</u>, [a] document filed <u>pro se</u> is to be liberally construed and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  <u>Baptista v. Hartford Bd. of Educ.</u>,

No. 3:08CV1890(MRK), 2009 WL 2163133, at *2 (D. Conn. July 21, 2009)(internal quotation marks and citations omitted).

II.  Factual Background

In August 2006, the plaintiff began participating in a "Small Engine Repair Class" at the Cheshire Correctional Institution in Connecticut. (Compl. ¶¶13, 15.)  The instructor requested that the plaintiff be approved as an instructor's aide. (Compl. ¶22.)  This request required the approval of Inmate Counselor Lowe, Unit Manager Esposito, Classification Counselor Beth Senecal and Deputy Warden Jeffrey Adgers.  (Compl. ¶23.)  In August 2007, the plaintiff was approved as an instructor's aide.  (Compl. ¶24.)

On July 31, 2007, an incident occurred between the plaintiff and Correctional Officer Manzi ("CO Manzi") who is not a defendant. That day, the plaintiff wrote to Warden Lee complaining that CO Manzi made racist comments and threats.  (Compl. ¶26.)  The plaintiff sent a copy of his complaint to Commissioner Lantz. (Compl. ¶26.)  The next day, August 1, 2007, the plaintiff filed a grievance regarding the incident.  (Compl. ¶27.)  On August 15, 2007, the plaintiff was told that his complaint was being investigated.  (Compl. ¶28.)

On September 4, 2007, the instructor of the small engine class told the plaintiff that he would no longer be able to work as a classroom aide. (Compl. ¶29.)  When he inquired of Inmate Counselor Lowe, Lowe told the plaintiff that he was not suitable for the

position and offered him a different position, which the plaintiff refused.  (Compl. ¶¶31 32.)

On September 5, 2007, the plaintiff complained to Warden Lee that he had been removed from his work assignment in retaliation for filing a grievance.  (Compl. ¶39.)  Warden Lee responded that he would investigate the plaintiff's claim.  (Am. Compl. ¶40.)  That day, the plaintiff submitted an Informal Request Form to Warden Lee reiterating his claim.  (Compl. ¶41; Ex. 3G.)

On September 8, 2007, Warden Lee responded to plaintiff's July 31, 2007 complaint about CO Manzi.  He said that the plaintiff's complaint had been investigated and could not be substantiated. (Ex. 3H.) On September 12, 2007, Warden Lee responded to the plaintiff's September 5, 2007 Informal Request Form that (1) the plaintiff's job "had not been tak[en] from him" but rather that the plaintiff had "been removed after [he] completed [the] course"; (2) the plaintiff was on the list to work in the small engine shop; and (3) he had heard that the plaintiff had been offered, and refused, another job.  (Compl. ¶42; Ex 3G.)

On September 17, 2007, Counselor Acais returned the plaintiff's August 1, 2007 grievance because the plaintiff had not first sought informal resolution.  (Compl. ¶¶43-44.)  The plaintiff thereafter sent informal requests to Warden Lee, Deputy Warden Jeffrey Adgers, Classification Counselor Beth Senecal and Unit Manager Esposito inquiring why he had been removed from his work assignment.  Senecal

4

responded that there were "numerous reasons for denial." (Ex. 3D.) Esposito advised the plaintiff to write to Adgers. (Ex. 3I.) Deputy Warden Adgers responded that he "denied [plaintiff's] request for [a] justified reason in which Officer Manzi had no involvement." (Ex. 3F.)

On October 1, 2007, the plaintiff filed a level one grievance complaining that he lost his work assignment as a result of retaliation. (Compl. ¶45.) Warden Lee denied this grievance on November 1, 2007. (Compl. ¶46.) On November 9, 2007, the plaintiff appealed by submitting a level 2 grievance. (Compl. ¶53.) He did not receive a response. (Compl. ¶63.)

On December 12, 2007, the plaintiff asked Inmate Counselor Lowe for a job in the housing unit. (Compl. ¶54.) Thereafter he was transferred to a different housing unit which had fewer privileges and was "antiquated." (Compl. ¶61.)

In July 2008, the plaintiff sent a level 3 grievance to Commissioner Lantz complaining that he had not received a response to his level 2 grievance. (Compl. ¶64.) The plaintiff did not receive a response. (Compl. ¶65.)

III. Discussion

The defendants move to dismiss the complaint on the grounds that: (1) the plaintiff has failed to state cognizable constitutional claims; (2) the plaintiff has failed to allege the requisite personal involvement of the defendants; and (3) the

defendants are protected by qualified immunity.

A.  Access to Courts

The plaintiff alleges that he was denied access to courts because the defendants failed to respond to his grievances. The defendants move to dismiss this claim on the grounds that the plaintiff has failed to allege "actual injury."[2]

To show a violation of his right of access to the courts, an inmate must allege an actual injury – "that is, that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts." Page v. Lantz, No. 3:05CV1271(MRK), 2007 WL 1834519, at *3 (D. Conn. June 25, 2007) (citing Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 2002)). An "inmate's conclusory assertion that he suffered prejudice is insufficient to establish actual injury." Page v. Lantz, 2007 WL 1834519, at *3. The plaintiff's claim fails because he has not alleged that the defendants hindered his efforts to pursue any legal claim.

To the extent that the plaintiff alleges that the defendants failed to comply with the grievance procedure, this allegation, without more, does not constitute a constitutional violation. See Pocevic v. Tung, No. 3:04CV1067(CFD), 2006 WL 680459, at *8 (D. Conn. Mar. 14, 2006)("court can discern no federally or

---

[2]The plaintiff does not address this claim in his opposition.

constitutionally protected right that was violated by defendant['s] failure to comply with the institutional procedures regarding the timing of his response to [plaintiff's] level 2 grievance"); Vega v. Lantz, No. 3:04CV1215(DFM), 2006 WL 2788374, at *6 (D. Conn. Sept. 26, 2006) ("failure of a correctional official to comply with the institutional grievance procedures is not cognizable in an action filed pursuant to 42 U.S.C. § 1983 unless the action caused the denial of a constitutionally or federally protected right"); Aho v. Hughes, No. 3:03CV1552(SRU), 2005 WL 2452573, at *7 (D. Conn. Sept. 30, 2005)(same).

B.   Lack of Personal Involvement

The defendants argue that the plaintiff has failed to adequately allege their involvement in his retaliation claim.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "[T]he doctrine of respondeat superior is inapplicable in section 1983 cases." Klemonski v. Department of Correction, No. 3:09CV787(VLB), 2010 WL 729002, at *2 (D. Conn. Feb. 25, 2010)(citing Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999)).  See Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### Lantz and Strange

The plaintiff alleges that these defendants failed to respond to his grievances. In response to the defendants' motion, the plaintiff argues that defendant Lantz and Strange each had a duty to respond to his grievances and that their failure to do so "caused [him] to be subjected to a violation" of his constitutional rights. (Doc. #24, Pl's Mem. in Opp'n at 10.) The plaintiff has not alleged any facts that Lantz and Strange participated in the incidents underlying the complaint. Failure to respond to a grievance does not constitute personal involvement. See Higgins v. Artuz, No. 94-4810, 1997 WL 466505, at *7 (S.D.N.Y. Aug. 14, 1997) (Sotomayor, D.J.) ("it is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations"); Watson v. McGinnis, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.").

### Warden Lee

The plaintiff alleges that he gave Lee a complaint regarding CO Manzi and a level one grievance regarding the loss of his job. The plaintiff claims in his opposition that based on his submissions, Lee should have concluded that the plaintiff had suffered retaliation. The plaintiff has failed to sufficiently allege Warden Lee's personal involvement in any constitutional

violation. See Rosales v. Kikendall, --- F. Supp.2d ----, 2010 WL 27873, at *5 (W.D.N.Y. Jan. 6, 2010) (where plaintiff alleged that defendant investigated his grievance and stated that he found no evidence of retaliation, the "mere fact that [defendant] concluded that plaintiff had not been retaliated against by other officers does not amount to a constitutional violation by [the defendant]").

### Bartholomew and Acais

The plaintiff alleges that defendant Bartholomew is "responsible for the handling and coordination of level 2 grievance appeals;" the plaintiff submitted a level 2 grievance and did not receive a response. As to defendant Acais, the plaintiff alleges that Acais returned his August 1, 2007 grievance without disposition because the plaintiff had not exhausted informal means of resolution as required. These allegations are insufficient to show any violation by Bartholomew and Acais of the plaintiff's rights. "[A] failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." Rosales v. Kikendall, --- F. Supp.2d ----, 2010 WL 27873, at *6 (W.D.N.Y. Jan. 6, 2010).

### Senecal, Esposito and Lowe

The plaintiff alleges that Senecal, Esposito and Lowe's approval was required for his job, their approval was given and that he sent each of them an informal request after he lost his position. The plaintiff has failed to allege facts showing their personal involvement in the alleged constitutional deprivations.

C.   <u>Failure to State a Retaliation Claim</u>

The plaintiff alleges that Adgers made the decision to remove him from his work assignment.  The defendants argue that the plaintiff fails to state a retaliation claim.

"[T]o sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'"  <u>Gill v. Pidlypchak</u>, 389 F.3d 379, 380 (2d Cir. 2004).  "Although a causal connection between an adverse action and protected speech may be indirectly established by showing that protected activity was followed closely in time by the adverse action, <u>Gorman-Bakos v. Cornell Co-op Extension of Schenectady County</u>, 252 F.3d 545, 554 (2d Cir. 2001), a plaintiff must still allege that defendants were aware of the protected activity, <u>see Espinal v. Goord</u>, 558 F.3d 119, 129-30 (2d Cir. 2009)."  <u>Pavone v. Puglisi</u>, No. 09-0109-cv, 2009 WL 3863362, at *2 (2d Cir. Nov. 19, 2009).  The plaintiff has not met this standard.  Without further allegations regarding the defendant's awareness of the protected speech (<u>i.e.</u>, his grievance as to CO Manzi) or other facts sufficient to support an inference that protected conduct played a role in the alleged adverse actions taken against the plaintiff, he has not sufficiently pleaded a claim of retaliation.  See <u>McLaughlin v. Pezzolla</u>, No. 06-CV-0376, 2010 WL 56051, at *12 (N.D.N.Y. Jan. 4, 2010) ("Without allegations

regarding the individual Defendants' knowledge of the protected speech, Plaintiff has not sufficiently plead a claim of retaliation").

IV. Conclusion

For these reasons, the plaintiff's complaint is dismissed for failure to state a claim under Rule 12(b)(6) without prejudice. See Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) ("court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.")  If the plaintiff believes he can allege facts to support a valid claim, he may file and serve an amended complaint by April 16, 2010.  If an amended complaint is filed, the defendant(s) may file a new motion to dismiss on any applicable ground.

SO ORDERED at Hartford, Connecticut this 23rd day of March, 2010.

```
         /s/
Donna F. Martinez
United States Magistrate Judge
```