MICHAEL BRAHAM,                        :
                                       :
        Plaintiff,                     :
                                       :
        v.                             :       CASE NO. 3:08CV1564(DFM)
                                       :
THERESA LANTZ,                         :
                                       :
        Defendants.                    :


### RULING ON PLAINTIFF'S MOTION TO DEPOSE INMATES

The plaintiff, a state of Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, various employees of Cheshire Correctional Institution, retaliated against him for filing a grievance about a correctional officer.  The plaintiff contends that he was removed from his job and transferred to less desirable housing.  Pending before the court is the plaintiff's "motion for leave to depose incarcerated deponents and for an order setting guidelines and parameters therein." (Doc. #66.)

The plaintiff, who is confined at Cheshire Correctional Institution, seeks leave to depose three other inmates who have "personal knowledge concerning the disputed issue of this case." (Doc. #66.) In addition, the plaintiff seeks an order establishing various conditions for the depositions.

A party must obtain leave of court to conduct a deposition "if the deponent is confined in prison."  Fed. R. Civ. P. 30(a)(2)(B). Rule 30(a)(2) instructs that this leave "shall be granted to the

extent consistent with the principles stated in Rule 26(b)(2)."
Rule 26 of the Federal Rules of Civil Procedure "vests the trial
judge with broad discretion to tailor discovery narrowly and to
dictate the sequence of discovery." Crawford-El v. Britton, 523
U.S. 574, 598 (1998). In determining whether to limit the extent
of discovery, the court weighs the probative value of proposed
discovery against its potential burden. Fed. R. Civ. P.
26(b)(2)(C). Specifically, Rule 26(b)(2)(C) provides that the
court "must limit" discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or
> duplicative, or can obtained from some other source that
> is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample
> opportunity by discovery in the action to obtain the
> information sought; or (iii) the burden or expense of the
> proposed discovery outweighs its likely benefit, taking
> into account the needs of the case, the amount in
> controversy, the parties' resources, the importance of
> the issues at stake in the litigation, and the importance
> of the proposed discovery in resolving the issues.

"[I]t seems that the three provisions of [Rule 26(b)(2)]
should not be treated as separate and discrete grounds to limit
discovery so much as indicia of proper use of discovery mechanisms;
they do not call for counsel to undertake complex analysis. . . .
Instead, the court is called upon to consider the specific facts of
the case to make a common sense decision about whether or not the
discovery in question goes too far." Dongguk University v. Yale
University 270 F.R.D. 70, 73 (D. Conn. 2010.)

The plaintiff's motion is denied without prejudice. On the

current record, the court is unable to engage in Rule 26(b)(2)(C)'s balancing test. The plaintiff has not indicated what discoverable information the proposed deponents might have. See <u>Krupp v. City of St. Louis Justice Center</u>, No. 4:07CV883, 2007 WL 4233558, at *1 (E.D. Mo. Nov. 28, 2007) (denying prisoner's motion for leave to depose other inmates because "Plaintiff has not told the Court why he needs to depose the inmates. Without this information, the Court is unable to determine if the inmate's testimony will be probative or unreasonably cumulative and duplicative. Moreover, allowing depositions without knowing whether they will have any probative value places an undue burden on the inmates, the jail, and Defendants.") Also, the court does not have any information from the Department of Correction regarding possible security and logistical concerns.[1] See <u>Clark v. Kanive</u>, No. C10-5203, 2010 WL 4568798, at *3 (W.D. Wash. Nov. 3, 2010)(denying plaintiff's request to subpoena other inmates after "consider[ing] the safety risks created when one inmate seeks to orally depose a witness"). In addition, although the plaintiff represents that he is not asking the court to pay for the depositions, it appears that his prisoner trust account is insufficient to cover the costs of three

---

[1]Although not mentioned in the papers, the Connecticut Department of Correction website states that proposed deponent Darren Maillet is incarcerated at the Robinson Correctional Institution in Enfield, Connecticut, a different facility than the one in which the plaintiff is incarcerated.

depositions.[2]  He has not explained how he would fund the expenses associated with the depositions.  Finally, the plaintiff has not detailed by what means the depositions shall be taken, that is, the method of recording and the officer before whom the deposition is to be conducted.  See Fed. R. Civ. P. 30; Gaia v. Smith, No. C-09-212, 2010 WL 1257820, at *1 (S.D. Tex. Mar. 24, 2010)(denying prisoner plaintiff's motion for leave to depose inmates "without prejudice subject to a request by plaintiff as to the method of the depositions as well as an indication as to how the fees and expenses consistent with those depositions will be paid.")

If the plaintiff chooses to refile his request, he must set forth the information he believes each proposed deponent possesses regarding this case, the amount of time needed for the depositions, the method of recording, the estimated cost of the depositions and the way the plaintiff intends to pay these costs.  See Beckles v. Artuz, No. 01CIV10016(BSJ)(HBP), 2005 WL 702728, at *2 (S.D.N.Y. Mar. 25, 2005) (ordering prisoner plaintiff "to submit a proposed plan for conducting the depositions he seeks.  The proposal should address how the depositions will be conducted" including who "will administer the oath.")

---

[2]Depositions also may be taken by written questions.  See Fed. R. Civ. P. 31.  "Depositions by written questions provide an affordable, alternative means of discovery for parties who need to conduct discovery from a nonparty but who do not wish to incur the high cost of a full oral deposition."  7 Moore's Federal Practice § 31.02[1] (3d ed. 2011).

SO ORDERED at Hartford, Connecticut this 11th day of October 2011.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```