```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

MICHAEL BRAHAM,                      :
                                     :
     Plaintiff,                      :
                                     :
     v.                              :     CASE NO. 3:08cv1564(DFM)
                                     :
THERESA LANTZ, et al.,               :
                                     :
     Defendants.                     :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983. He alleges that the defendants, various employees of Cheshire Correctional Institution, retaliated against him for filing a grievance about a correctional officer.[1] The plaintiff contends that he was removed from his job and transferred to less desirable housing. Pending before the court is the plaintiff's motion to compel. (Doc. #54.)

As a preliminary matter, the plaintiff argues that the defendants should be deemed to have waived any objections to the plaintiff's discovery because they did not timely respond to the requests. The court does not agree. The defendants represented that their objections were untimely due to an administrative error. See doc. #53. On this basis, it appears that the interests of justice would be best served by allowing the defendants to have an

---

[1] To state a retaliation claim, the plaintiff must show that his actions were protected by the Constitution or federal law and that his protected conduct was a "substantial or motivating factor" in the alleged retaliatory conduct. Friedl v. City of New York, 210 F.3d 79, 85 (2d Cir. 2000).

opportunity to voice their objections to the plaintiff's requests, "lest a federal court be compelled to order the production of every piece of paper in the Pentagon because of a tardy objection to a request to produce them."  Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536, 539 (D. Conn. 2006)(Smith, J.).  "Indeed, since it appears that the defendants neither knowingly filed untimely objections nor sought to prejudice or disadvantage the plaintiff by filing said untimely objections, the defendants should not be punished due to an inadvertent administrative error." McKissick v. Three Deer Ass'n Ltd. Partnership, 265 F.R.D. 55, 57 (D. Conn. 2010)(Smith, J.).

The court rules on the requests as follows:

Interrogatories

Interrogatory 1, which requests the defendants' place of birth, date of birth and residence, is denied on the grounds of relevance.[2]

Interrogatory 4, which requests the defendants to state whether they have ever been a union member and if so, the particulars of their union membership, is denied on the grounds of relevance.

---

[2]The plaintiff propounded discovery on six DOC defendants (Inmate Counselor Acais, Inmate Counseler Lowe, former Warden of Cheshire Correctional Institution Charles Lee, Unit Manager Esposito, Deputy Warden Jeffrey Adgers and Classification Counselor Beth Senecal.)  For ease of reference, the court rules on the requests in the order they appear in the interrogatories served on Acais.

2

Interrogatories 11 and 12, which request whether the defendants have ever been the victim of and/or accused of racial bias or prejudice, are denied on the grounds of relevance.

Interrogatory 13, which requests whether the defendants have ever been convicted of a crime, is denied without prejudice to renewal in the event the plaintiff's complaint survives summary judgment.

Interrogatory 14, which requests whether the defendants have ever been the subject of an internal affairs investigation, is granted in part insofar as it pertains to any investigations arising out of the allegations in the plaintiff's complaint. The remainder of the request is denied on the grounds of relevance.

Interrogatories 15 and 16, which request whether the defendants have ever been subject of a fraud investigation and whether they owe back taxes, are denied on the grounds of relevance.

Plaintiff's First Request for Production

Request for Production 1 seeks the plaintiff's classification information. The defendants object on the grounds that the request is overly broad, unduly burdensome and irrelevant. The defendants' objection as to the scope of the request is sustained. As framed, the request is overbroad. However, it appears that some responsive documents are relevant. See doc. #68, Defs' Mtn for SJ, Ex. B., Pl's classification document. The request is denied without

prejudice.  The pro se plaintiff and defense counsel shall meet and confer in a good faith effort to reach an agreement regarding the scope of the request without the intervention of the Court.

Requests 2 - 5 are denied without prejudice on the grounds of relevance.  The plaintiff has not set forth why the information should be allowed.  See D.Conn.L.Civ.R. 37.  The pro se plaintiff and defense counsel shall meet and confer in a good faith effort to reach an agreement regarding the scope of the requests without the intervention of the Court.

Requests for Production 6 and 7, which request photographs of particular housing units, are denied on the grounds of relevance.

Requests for Production 8 and 9 seek documents concerning the DOC's investigation into the plaintiff's allegations underlying the complaint and his allegations that he has "been the victim of racism."  The defendants interposed objections as to both requests but also indicated that they had produced responsive records.  It is evident that at least as to Request 8, some responsive information is relevant.  It is unclear, however, on the record before the court if a dispute still remains as to this request and if so, what documents the defendants have not produced and the reasons therefore.  The requests are granted in part as follows: The defendants shall state whether there are responsive documents that they have not produced and if so, the reasons why the documents have not been produced.

Request for Production 11 requests statements by witnesses concerning the plaintiff's allegations. The defendants object on the grounds of relevance and undue burden. These objections are overruled and the motion to compel this production request is granted.

Requests for Production 17 - 20, which seek information regarding inmate participation in the Small Engine class, are denied on the grounds of relevance.

Request for Production 22, which requests inmate grievances regarding staff conduct from 2006 to the present, is denied on the grounds of relevance.

Requests for Production 24 and 25, which request certain log book pages, are denied on the grounds of relevance.

Requests for Production 26, 28 and 30, which request information concerning inmate movement, are denied on the grounds of relevance.

Request for Production 31, which requests orders regarding yard security, is denied on the grounds of relevance.

Requests for Production 32, 33, 34, 35, 36 and 37 seek information regarding Correction Officer Manzi, the officer about whom the plaintiff filed a grievance. He is not a named defendant in this case. The defendants' objection as to relevance is sustained and the motion to compel responses to these requests is denied.

Plaintiff's Second Request for Production

Requests for Production 1 and 2, which request information regarding another inmate, are denied on the grounds of relevance.

Request for Production 3 seeks the defendants' emails concerning, among other things, the plaintiff and the Small Engine Repair class. The defendants object on the grounds that the request is overly broad, unduly burdensome and not relevant. The request contains no timeframe and is overly broad as to the requested subject matter. However, it is evident that some responsive documents are relevant. The request is denied without prejudice. The pro se plaintiff and defense counsel shall meet and confer in a good faith effort to reach an agreement regarding the scope of the request without the intervention of the Court.

Request for Production 4, which seeks information regarding "misconduct" from the defendants' personnel files, is overbroad and denied without prejudice to reformulation in the event the plaintiff's complaint survives summary judgment.

Request for Production 5, which seeks "discrimination complaints" from the defendants' personnel files, is denied on the grounds of relevance.

Request for Production 6 seeks "all" classification committee handbooks and manuals. The request, as framed, is overly broad and is denied without prejudice. The pro se plaintiff and defense counsel shall meet and confer in a good faith effort to reach an

agreement regarding the scope of the request without the intervention of the Court.

Plaintiff's Third Request for Production

Requests for Production 1 and 2, which request information regarding another inmate, are denied on the grounds of relevance.

Admissions

The plaintiff requests that the court deem the plaintiff's requests for admissions "admitted" because the defendants did not timely serve responses. The defendants contend that they did not receive the requests for admission. (Doc. #63.) They further state that they so informed the plaintiff, who declined to send them another set. (Doc. #63, Ex. A.) On this record, the court denies the plaintiff's request to deem the requests as admitted.

SO ORDERED at Hartford, Connecticut this 20th day of March, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge