```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

MICHAEL BRAHAM,                 :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:08CV1564(DFM)
                                :
THERESA LANTZ, et al.,          :
                                :
     Defendants.                :
```

## RULING ON PLAINTIFF'S MOTION

Pending before the court is the pro se plaintiff's motion pursuant to Federal Rule of Civil Procedure 56(d), formerly 56(f), seeking to have the court defer or deny the defendants' motion for summary judgment until he has had sufficient time in which to complete discovery. (Doc. #78.) He states that he has not received responses to his discovery necessary to oppose the defendants' motion and needs to conduct additional discovery, such as depositions but has not had the cooperation of defense counsel. The plaintiff further states that he requested some of the documents that are included in the defendants' Rule 56(a)1 Statement.

Fed. R. Civ. P 56(d) provides:

> If a nonmovant shows by affidavit or declaration that,
> for specified reasons, it cannot present facts essential
> to justify its opposition, the court may:
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations
> of to take discovery; or
>     (3) issue any other appropriate order.

Fed. R Civ. P. 56(f). The Second Circuit has held that a party

seeking a continuance to respond to a motion for summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit. The affidavit must describe "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how these facts are reasonably expected to create a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant's efforts were unsuccessful." Gulandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004).

The plaintiff submitted a declaration (doc. #79) in support of his request in which he explains how the discovery will enable him to oppose the defendants' motion and why he needs additional time to take the discovery. He avers, and the docket reflects, that he filed a motion to compel seeking responses to interrogatories and requests for production. (Doc. #54.) He states that the defendants did not comply with his requests and did not cooperate in scheduling depositions. The plaintiff points to specific information that the defendants rely on in their summary judgment motion that he requested in the motion to compel but has not received. See, e.g., Requests for Production 1 and 8.

The plaintiff's motion is granted. "If the motion raises particular issues as to which the opposing party has not yet had a reasonable opportunity to take discovery, then relief under Rule 56(d) would be appropriate." Moore's Federal Practice § 56.100[1],

at 261 (3rd ed. 2011). The defendants' motion for summary judgment (doc. #68) is denied without prejudice to renewal. The parties now have the benefit of the court's ruling on the plaintiff's pending motion to compel. The court shall conduct a telephonic status conference on Wednesday, April 25, 2012 at 10:30 a.m. Defense counsel shall initiate the conference call and shall have the pro se plaintiff on the line when calling chambers. Prior to this conference, the pro se plaintiff and defendants shall confer regarding the plaintiff's discovery requests.

    SO ORDERED at Hartford, Connecticut this 20th day of March 2012.

                                             _____/s/_____
                                             Donna F. Martinez
                                             United States Magistrate Judge